UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
In Admiralty
No. 4:19-cv-145-BO

| | |
|---|---|
| U.S. WIND, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| U.S. WIND MET MAST TOWER, *in rem* ) | |
| ) | |
| Defendant, ) | |

This *in rem* action is before the Court on numerous motions. For the reasons discussed below, Intervenor InterMoor, Inc.'s motions to intervene [DE 14], to attach property via Supplemental Rule B [DE 17], and to amend its complaint [DE 19] are GRANTED. Intervenor Louisiana International Marine, LLC's motions to intervene [DE 24] and for payment of *custodia legis* expenses [DE 31] are DENIED. The Court held a hearing in this matter on December 5, 2019, and so the outstanding emergency motion for hearing [DE 33] is DENIED AS MOOT.

## BACKGROUND

Plaintiff, U.S. Wind, Inc. ("U.S. Wind"), is building a wind farm off the coast of Ocean City, Maryland. As a prerequisite to the continued development of the project, U.S. Wind must install a Met Mast Tower ("Met Tower")—a tower equipped with various measuring devices—to monitor wind patterns. The Met Tower for this project, which forms the basis of this dispute, was custom built in Louisiana by a Louisiana-based company to U.S. Wind's specifications.

Following fabrication, the Met Tower needed to be transported from Louisiana to Maryland. In July 2019, U.S. Wind was forced to terminate its contract with its prime contractor in charge of transportation and installation. Consequently, U.S. Wind approached InterMoor, Inc.

("InterMoor") about assuming the role of prime contractor for transportation and installation. InterMoor agreed.

In order to transport the tower from Louisiana to Maryland waters, subcontractors were retained to perform services on InterMoor's behalf for U.S. Wind. McDonough Marine Services ("McDonough") was retained to provide its unmanned barge, the MARMAC-261. Louisiana International Marine, LLC ("LIM") was retained to provide its tugboat, the *LA ELITE*. The Met Tower was secured to the deck of the MARMAC-261, which was towed by the *LA ELITE*. By early September 2019, InterMoor and its subcontractors had transported the Met Tower from Louisiana to the Delaware Bay, to be used as a staging area for installation activities.

Installation did not proceed smoothly, and by September 26, 2019, the contract between InterMoor and U.S. Wind was terminated. At the direction of InterMoor, the tug *LA ELITE* departed the Delaware Bay, heading back to Louisiana, with the barge and Met Tower in tow. The trip south proved treacherous, though, and the *LA ELITE* was forced to take shelter in the Port of Morehead City, North Carolina to avoid hazardous weather. Upon learning of the Met Tower's location, on October 9, 2019, U.S. Wind filed the instant *in rem* action against the Met Tower and moved for the issuance of an arrest warrant *in rem* against the Met Tower. U.S. Wind also moved to appoint LIM as the custodian of the tower. The Court granted these motions on October 10. [DE 8, 9]. On October 11, U.S. Wind moved to appoint Steven's Towing, Inc. as substitute custodian. The Court granted this motion on October 14.

On October 11, InterMoor moved to intervene in the *in rem* suit under Rule 24(a) of the Federal Rules of Civil Procedure and to arrest and attach the Met Tower pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims.

On November 11, 2019, LIM moved to intervene in the suit under Rule 24(a) and Local Admiralty Rule E.10 to assert claims against U.S. Wind for unpaid expenses. LIM followed that motion with a motion for payment of *custodia legis* expenses and an emergency motion for a hearing.

On December 5, 2019, the Court held a hearing in Elizabeth City, NC.

## DISCUSSION

*InterMoor's Motions*

InterMoor moves (1) to intervene pursuant to Rule 24(a) of the Federal Rules of Civil Procedure; and (2) to arrest and attach the Met Tower as security under Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. [DE 14, 17, 19]. Under Rule 24(a), the Court must permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Rule B is a vehicle for a plaintiff to obtain *quasi-in-rem* jurisdiction over a defendant not otherwise subject to the court's jurisdiction and to obtain security for a potential judgment by attaching the defendant's property. To successfully invoke Rule B, a plaintiff must (1) assert a claim that is cognizable in admiralty, (2) show that the defendant cannot otherwise be found in the district, and (3) show that the defendant's property is in the district. A plaintiff must file a verified complaint along with an affidavit attesting that defendant cannot be found within the district. If a plaintiff satisfies the procedural requirements of Rule B, a court must issue an order authorizing attachment. Once property is attached under Rule B, the defendant is entitled to challenge the attachment,

3

including in a hearing under Supplemental Rule E(4)(f). The burden lies with the plaintiff to show why the attachment should not be vacated pursuant to Supplemental Rule E(4)(f).

Here, InterMoor claims it has a maritime lien against U.S. Wind and the Met Tower, that disposition of this action would impair its ability to protect its interests, and that no party in the dispute can properly represent its interests. Additionally, InterMoor has satisfied all the procedural requirements of Rule B, filing both a verified complaint and a Rule B verification that U.S. Wind cannot be found within the district. [DE 17-2, 19-1]. Accordingly, InterMoor's motions to intervene, to attach under Rule B, and to amend its complaint are granted. [DE 14, 17, 19].

With InterMoor now in the suit and the Met Tower attached, the next procedural step is to give U.S. Wind an opportunity under Rule E(4)(f) to challenge the attachment and to respond InterMoor's complaint. InterMoor carries the burden to show why the attachment should not be vacated. Consistent with Rule B, the Court grants U.S. Wind thirty (30) days from the date of this order to respond to InterMoor's complaint and to challenge the attachment. From there, the parties should follow a normal briefing schedule consistent with the Local Rules.

Finally, at the December 5 hearing, U.S. Wind requested that *custodia legis* expenses for the Met Tower—which will remain arrested in the Port of Morehead City, NC with Stevens Towing, Inc. serving as substitute custodian—be split between it and InterMoor. The Court advised U.S. Wind to include such arguments in subsequent filings. Therefore, U.S. Wind should include briefing about splitting expenses.

*Louisiana International Marine's Motions*

LIM moves to intervene and for payment of *custodia legis* expenses. [DE 24, 31]. The asserted basis for both motions is costs incurred by LIM after October 15, 2019. LIM argues that

4

it effectively served as the custodian of the Met Tower even after October 15 because the substitute custodian, Stevens Towing, never showed up to take over custodial duties. U.S. Wind disputes this. Regardless, the Court's October order—signed on the 14th and docketed on the 15th—unambiguously discharged LIM as the substitute custodian. The Court, therefore, will not award LIM anything for expenses incurred after October 15. LIM's motions to intervene and to collect *custodia legis* are denied. [DE 24, 31].

## CONCLUSION

InterMoor's motions to intervene [DE 14], to attach property via Supplemental Rule B [DE 17], and to amend its complaint [DE 19] are GRANTED. U.S. Wind should respond to U.S. Wind's complaint and/or challenge the attachment within thirty (30) days of the date of this order. Stevens Towing, Inc. will continue to serve as substitute custodian of the Met Tower.

LIM's motions to intervene [DE 24] and for payment of *custodia legis* expenses [DE 31] are DENIED. The outstanding emergency motion for hearing [DE 33] is DENIED AS MOOT.

SO ORDERED, this __10__ day of December, 2019.

```
                                    Terrence Boyle
                                    TERRENCE W. BOYLE
                                    CHIEF UNITED STATES DISTRICT JUDGE
```